## Staats Coal Co. v. Bright et ux.

*Edward M. Hawes,* for petitioner.

*Donald A. Gallagher* and *Lloyd H. Wood,* for respondent.

DANNEHOWER, J., December 29, 1941.—This case comes before the court on a petition and rule granted thereon, for the court's permission to allow an attorney to withdraw his appearance as counsel for Florence E. Bright in a proceeding to open a judgment. An answer was filed, no depositions were taken, and after argument the matter is pending for decision.

The admitted facts disclose that since September 1940 Edward M. Hawes was, and still is, counsel and attorney for McDonald Benton, the principal secured creditor of both the business and real estate of Florence E. Bright and Lloyd S. Bright, individually and jointly, and Lloyd S. Bright, trading as C. B. Daring Paper Manufacturing Company, who filed their petition as debtors under chapter XII of the Chandler Act of June 22, 1938, 52 Stat. at L. 840. The district court appointed trustees and substituted trustees, who requested Mr. Hawes to file a petition in the Common Pleas Court of Montgomery County, Pa., on behalf of Florence E. Bright to open a judgment entered against her and her husband by the Staats Coal Company on the ground that she was an accommodation maker, so that the status of said judgment as to the real estate could be determined for the plan of arrangement.

The court opened the judgment as to the wife and let her into a defense. An issue has been prepared and filed for trial by a jury. The case has not yet been listed for trial.

The amended plan of arrangement provides for the payment of the creditors of the business to the extent of 50 percent out of dividends of a newly-formed corporation. Edward M. Hawes has been selected as counsel, solicitor, and secretary of the new corporation. It is admitted that, if the judgment were declared invalid as to Florence E. Bright, the Staats Coal Company would be a participating creditor against the earnings of the new corporation. It is also admitted that, at the request of the trustees, Mr. Hawes represented Mrs. Bright, and that he has not received nor requested any fees for his services in regard to opening said judgment. Mr. Hawes contends that he cannot further represent Mrs. Bright at the jury trial, because his representation of the principal secured creditor and as counsel and secretary of the new corporation, which interests are allied, would be inconsistent and conflicting with representation of Mrs. Bright.

The answer avers that the trustees, their counsel, and petitioner, as counsel for McDonald Benton, orally agreed to remove this judgment against Florence E. Bright in order to conform to the provisions of the arrangement and such withdrawal would be a violation of such agreement, would inflict unwarranted hardship and expense upon Mrs. Bright, and would necessitate a review of the confirmation of the amended plan of arrangement before the district court, which said petition for review has already been filed.

As no depositions are before us, we cannot find from the petition and answer that Edward M. Hawes has bound himself to obtain the opening of this judgment.

The relation of attorney and client may be terminated without the client's consent, previous to the termination of suit, for good and sufficient reason and on reasonable notice, especially if the client is not prejudiced thereby. What is "good and sufficient reason" depends to a great extent on the particular facts of each case.

In the instant case, the petitioning attorney believes that he should not represent the new corporation and Florence E. Bright at the same time, because their interests are adverse and conflicting, and that Mrs. Bright's interests will be best served by her own attorney serving at the trial of the case before the jury. With this view we agree, and we see no good reason why Mr. Hawes should be compelled to represent Mrs. Bright under these circumstances. If, as Mrs. Bright contends, there was a contract and agreement to carry on this litigation to a successful conclusion, for no fee, such contract is a matter for the decision of the Federal court.

And now, December 29, 1941, for the foregoing reasons, the rule to show cause why Edward M. Hawes, Esq., should not be permitted to withdraw his appearance in the representation of Florence E. Bright in a proceeding to open a judgment is hereby made absolute. An exception is allowed.